**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Breyonna Shaquelle Jeter, Respondent,

v.

South Carolina Department of Motor Vehicles and South Carolina Department of Public Safety,

of which South Carolina Department of Motor Vehicles is the Appellant.

Appellate Case No. 2023-001148

———————

Appeal From The Administrative Law Court
Shirley C. Robinson, Administrative Law Judge

———————

Unpublished Opinion No. 2026-UP-406
Submitted July 1, 2026 – Filed August 12, 2026

———————

**AFFIRMED**

———————

Christopher Edward Barton, of the South Carolina Department of Motor Vehicles, of Blythewood, for Appellant.

Trent Neuell Pruett, of The Barry and Pruett Law Firm, of Gaffney, for Respondent.

———————

**PER CURIAM:** The South Carolina Department of Motor Vehicles (SCDMV) appeals the Administrative Law Court's (ALC's) order reversing the Office of Motor Vehicle Hearings's (OMVH's) affirmance of Breyonna Jeter's license suspension. On appeal, SCDMV argues the ALC erroneously reweighed the evidence in violation of section 1-23-380 of the South Carolina Code (Supp. 2025). We affirm pursuant to Rule 220(b), SCACR.

We hold the ALC did not erroneously reweigh the evidence in violation of section 1-23-380 or erroneously reverse the OMVH's affirmance of Jeter's license suspension because substantial evidence shows Jeter did not constructively refuse to provide a breath sample. *See S.C. Dep't of Motor Vehicles v. McCarson*, 391 S.C. 136, 144, 705 S.E.2d 425, 429 (2011) ("The [OMVH] is authorized to hear contested cases from the [Department of Motor Vehicles (DMV)]."); *id.* ("Thus, the [OMVH] is an agency pursuant to the Administrative Procedures Act [(APA)]."); *id.* ("[A]ppeals from [the OMVH] must be taken to the ALC."); § 1-23-380 ("A party who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review pursuant to this article and Article 1."); § 1-23-380(5) ("The court may not substitute its judgment for the judgment of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) affected by other error of law; (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."); S.C. Code Ann. § 1-23-600(E) (Supp. 2025) ("Review by an [ALC] judge of a final decision in a contested case, heard in the appellate jurisdiction of the [ALC], must be in the same manner as prescribed in [s]ection 1-23-380 for judicial review of final agency decisions with the presiding [ALC] judge exercising the same authority as the court of appeals, provided that a party aggrieved by a final decision of an [ALC] judge is entitled to judicial review of the decision by the court of appeals pursuant to the provisions of [s]ection 1-23-610[ of the South Carolina Code (Supp. 2025)]."); § 1-23-610(B) (providing substantially the same standard of review as in section 1-23-380(5), including that an appellate court can "affirm the decision," "remand the case for further proceedings," or "reverse or modify the decision if the substantive rights of the [appellant] have been prejudiced because the finding, conclusion, or decision is . . . (e) clearly erroneous in view of the reliable,

probative, and substantial evidence on the whole record"); *Chisolm v. S.C. Dep't of Motor Vehicles*, 402 S.C. 593, 596-97, 741 S.E.2d 42, 44 (Ct. App. 2013) (stating substantial evidence "is evidence which, considering the record as a whole, would allow reasonable minds to reach the same conclusion as the agency" (quoting *Friends of Earth v. Pub. Serv. Comm'n of S.C.*, 387 S.C. 360, 366, 692 S.E.2d 910, 913 (2010))); S.C. Code Ann. § 56-5-2950(A) (2018) (stating that if a person is "arrested for an offense arising out of acts alleged to have been committed while the person was driving a motor vehicle while under the influence of alcohol," then that person "is considered to have given consent to chemical tests of the person's breath . . . for the purpose of determining the presence of alcohol"); S.C. Code Ann. § 56-5-2951(A) (Supp. 2025) (stating the DMV "shall suspend the driver's license . . . of . . . a person who drives a motor vehicle and refuses to submit to a test provided for in [s]ection 56-5-2950 [of the South Carolina Code (2018)]"); S.C. Code Ann. § 56-5-2951(B)(1)(a) (Supp. 2025) (stating a person may request a contested case hearing before the OMVH to challenge the license suspension); S.C. Code Ann. § 56-5-2951(F)(1) (Supp. 2025) (providing that the scope of the contested case hearing "is limited to whether the person: (a) was lawfully arrested or detained; (b) was given a written copy of and verbally informed of the rights enumerated in [s]ection 56-5-2950; [or] (c) refused to submit to a test pursuant to [s]ection 56-5-2950"); S.C. Code Ann. § 56-5-2951(F)(4) (Supp. 2025) ("The [DMV] and the arresting officer shall have the burden of proof in contested case hearings conducted pursuant to this section."); S.C. Code Ann. § 56-5-2951(G) (Supp. 2025) ("A contested case hearing is governed by the [APA], and a person has a right to appeal the decision of the hearing officer pursuant to that act to the [ALC] in accordance with the [ALC]'s appellate rules."); SLED Policies & Procedures § 8.12.5(F)(4) (2026) (providing a person can refuse the breath test in different ways, including by (1) expressing a refusal "after being advised of his/her [i]mplied [c]onsent [r]ights"; (2) refusing "to cooperate or interfere[ring] with the administration of the test"; (3) acting "unruly while the test is being administered"; (4) delaying "the administration of the test"; (5) failing to "cooperate in the checking of his/her mouth"; (6) ingesting "prohibited substances during the observation period"; (7) intentionally regurgitating or refusing "to rinse out his/her mouth after unintentional regurgitation"; (8) refusing "to answer or incorrectly answer[ing] biographical information required by the operator"; (9) failing to "attempt to blow, pretend[ing] to blow, or [failing to] blow an adequate sample, as determined by the instrument"; and (10) intentionally causing "the instrument to have an error or failure"); SLED Policies & Procedures § 8.12.5(L)(2)(f)(vii) (2026) ("If an acceptable breath sample is not provided in two minutes, the instrument will display 'Did the subject refuse?' When question is prompted, press the touch-screen icon, 'Yes' or 'No.' If 'Yes' is answered, the instrument will print

'REFUSED' by 'SUBJECT SAMPLE,' after the final steps of the operational protocol are completed. . . .  If 'No' is answered, the test will abort and the instrument will print 'INCOMPLETE SUBJECT TEST' on the Breath Alcohol Analysis Test Report/Evidence Ticket.  An 'INCOMPLETE SUBJECT TEST' reading, by itself, is not a refusal situation.  (A 'NO' should only be entered if the subject failed to provide an acceptable breath sample through no fault of his/her own.)  In the event of an 'INCOMPLETE SUBJECT TEST,' the breath test sequence may be repeated, except the advisement process is not required to be repeated."); *Chisolm*, 402 S.C. at 606, 741 S.E.2d at 49 (concluding the evidence showed "Chisolm wanted to take the breath test, blew into the DataMaster, and the instrument produced a steady tone for an extended period of time that indicated sufficient air was going into the instrument").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.